IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KRISTAL G. KEITH, )
      Plaintiff, )
-vs- ) Civil Action No. 14-734
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
      Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 14). Both parties have filed briefs in support of their motions. (ECF Nos. 10, 15 and 16). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 9) and denying Defendant's Motion for Summary Judgment. (ECF No. 14).

### I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed her application alleging she has been disabled since April 25, 2008. (ECF No. 7-6, p. 2). Administrative Law Judge ("ALJ"), Michael F. Colligan, held a hearing on November 13, 2012. (ECF No. 7-2, pp. 28-52). On December 19, 2012, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 7-2, pp. 16-23).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 9 and 14). The issues are now ripe for review.

1

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.     Plaintiff's Intellectual Abilities

Plaintiff argues that the ALJ erred in finding Plaintiff's mild mental retardation to be a non-severe impairment. (ECF No. 10, pp. 13-18). Specifically, Plaintiff argues that the ALJ should have reconciled her neuropsychological testing, other than her bare IQ score, prior to rejecting Plaintiff's mild mental retardation as a severe impairment. *Id.* at pp. 13-16. Additionally, Plaintiff submits that the ALJ gave great weight to the opinion of Dr. Arlene Rattan, a state agency psychologist, but then failed to credit Dr. Rattan's opinion that, among other things, Plaintiff has the following severe impairments: learning disorder and ADD/ADHD. *Id.* at p. 17. As a result, Plaintiff argues that remand is warranted. *Id.*

At step 2 of the analysis, an ALJ must determine whether the claimant has a medically determinable impairment that is severe. 20 C.F.R. §416.920. A severe impairment is one which significantly limits your physical or mental ability to do basic work activities. *Id.* Thus, an impairment is not severe if it is a slight abnormality or a combination of slight abnormalities that

3

causes no more than minimal functional limitations. 20 C.F.R. §416.920(c). If a claimant is found to have a severe impairment, then the ALJ proceeds to the next step. 20 C.F.R. §416.920(a).

When an ALJ finds that a plaintiff suffers from even one severe impairment, the failure to find other impairments severe is not harmful to the integrity of the analysis because the plaintiff is not denied benefits at that stage and the ALJ continues with the analysis. *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 -5 (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012). In this case, the ALJ did not find Plaintiff's mild mental retardation to be severe at step 2. He did, however, find her to have the following severe impairments: degenerative disc and joint disease, obesity and depression. (ECF No. 7-2, p. 18). Thus, Plaintiff was not denied benefits at step 2. Rather, the ALJ proceeded beyond step 2 to determine Plaintiff's residual functional capacity ("RFC"). (ECF No. 7-2, pp. 19-22). Thus, to the extent there is an error at step 2,[1] I find it to be harmless such that a remand on this basis is not warranted. *Salles,* 229 Fed.Appx. at 144-145, n. 2.

Plaintiff next argues that the ALJ's step 5 finding was not supported by substantial evidence because the RFC assessment did not include limitations of her intellectual disability. (ECF No. 10, pp. 18-20). Plaintiff suggests that the ALJ "failed to provide any analysis of Plaintiff's learning disability and how that would affect Plaintiff's residual functional capacity." (ECF No. 16, p. 1). Plaintiff continues, "the ALJ's hypothetical questions to the vocational expert, on which he bases his Step Five finding, were inadequate." *Id.* at p. 18. Therefore, Plaintiff argues that remand is warranted. *Id.* at 20. After a review of the evidence, I agree with Plaintiff.

---

[1] I note that at step 2 of the evaluation process, the ALJ never discusses or acknowledges the determination of the State Agency psychologist, Dr. Rattan, who found Plaintiff's impairments of learning disorder and ADD/ADHD to be severe. (ECF No. 7-3, p. 26). The ALJ also never discusses or acknowledges Plaintiff's school records regarding her learning disability. (ECF No. 7-9, pp. 34-48).

4

In this case, the ALJ acknowledged that in making the RFC determination he was to consider all impairments, including any impairment that he has found to be not severe. (ECF No. 7-2, p. 17). Additionally, the ALJ recognized that the "mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment [than at steps 2 and 3] by itemizing various functions contained in the broad categories found in paragraph B of the adult mental disorders listings in 12.00 of the Listing of Impairments (SSR 96-8p)." (ECF No. 7-2, p 19). Yet, the following is the only statement made by the ALJ at step 5 concerning Plaintiff's mental limitations:

> I afford great weight to the assessment of State Agency psychologist, Dr. Rattan, who found the claimant could sustain an ordinary routine without special supervision, ask simple questions, accept criticism, perform simple, routine, repetitive tasks in a stable environment and follow simple instructions (Exhibit B-2A). I find Dr. Rattan's assessment is consistent with the medical record, which reveals routine, effective mental health treatment.

(ECF No. 7-2, p. 21). First, I am not sure what other medical record this finding is consistent with because the ALJ does not discuss any other mental medical evidence in his step 5 analysis. *Id.* at pp. 20-21. Furthermore, nowhere in step 5 does the ALJ discuss the impact of Plaintiff's uncontroverted learning disabilities on her residual functional capacity. *Id.* More to the point, at step 5 the ALJ completely fails to discuss or acknowledge Plaintiff's educational records (ECF No. 7-9, pp. 34-48) or the psychological report of Drs. Meyer and Uran (ECF No. 7-8, pp, 2-8), wherein they opine, *inter alia,* that Plaintiff has the functional limitations of a fourth grade level of scholastic achievement; nor does the ALJ reconcile these with his above assessment of Dr. Rattan. Without such detailed analysis at step 5, I am unable to conduct a proper and meaningful review. Therefore, I find the ALJ's determination is not based on substantial evidence. Consequently, remand is warranted for a full and proper analysis consistent with this opinion.

### C. Opinion of Rheumatologist, Alan Berg, M.D.

Plaintiff's final argument is that the ALJ erred in giving great weight to the irrelevant opinions of a rheumatologist, Alan Berg, M.D. (ECF No. 10, pp. 20-23). Basically, Plaintiff asserts that Dr. Berg's opinion "clearly effaces a bias against Social Security claimants," is disrespectful, and is "riddled with derision directed at Plaintiff." *Id.,* at pp. 20-23. Plaintiff suggests that "the ALJ should have relied on Dr. Berg's opinion for what it was: a one-time examination that supported that Plaintiff did not have disabling arthritis."[2] (ECF No. 10, p. 23). Going beyond that, according to Plaintiff, was error. *Id.*

With regard to Dr. Berg's opinion, the ALJ specifically stated as follows:

> I afford great weight to the assessment of Dr. Berg, who found the claimant did not have a disabling form of arthritis. Dr. Berg based his assessment, on a physical examination revealing only some crepitations and no clubbing or edema, full range of motion and stable ligaments. Dr. Berg noted the claimant's complaints of depression were questionable and there was no organic reason for her complaints of diffuse body pain. Dr. Berg recommended Tai Chi or yoga and noted x-rays and an MRI were normal and even paraplegics are capable of gainful employment.

(ECF No. 7-2, p. 21). After a review, I am troubled by the fact that the ALJ attempts to use Dr. Berg's assessment of Plaintiff's complaints of depression as a basis to support Dr. Berg's opinion that Plaintiff does not have disabling arthritis. Dr. Berg is a rheumatologist, not a psychologist or mental health specialist and has no treating relationship with Plaintiff. I am additionally troubled by the ALJ's acceptance of Dr. Berg's statement concerning paraplegics. Plaintiff is not a paraplegic and, even if she was, whether all paraplegics are capable of gainful employment is completely irrelevant to any issue at hand. As such, I find it was error on the part of the ALJ to assign great weight to the opinion of Dr. Berg on these bases. On remand, I am instructing the ALJ to reconsider Dr. Berg's opinion and the bases for the same.

An appropriate order shall follow.

---

[2] I note that Plaintiff's application did not even allege disabling arthritis. (ECF No. 7-6, p. 13).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KRISTAL G. KEITH, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>CAROLYN W. COLVIN, )<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>Defendant. ) | Civil Action No. 14-734 |

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 18th day of March, 2015, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 9) is granted and Defendant's Motion for Summary Judgment (Docket No. 14) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge