IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| KRISTAL G. KEITH, | ) | |
| Plaintiff, | ) ) ) | 2:14-CV-00734-DWA |
| vs. | ) ) ) | |
| CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | |
| Defendant. | | |

AMBROSE, United States Senior District Judge

# OPINION
## and
## ORDER OF COURT

### I. BACKGROUND

This case was brought pursuant to the Social Security Act ("Act"). The case was decided in favor of Plaintiff on cross motions for summary judgment on March 18, 2015. (ECF No. 17). Therein, I rejected Plaintiff's Step 2 arguments, but granted summary judgment on Plaintiff's Step 5 arguments and remanded on that basis. On June 16, 2015, Plaintiff filed a Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412. (ECF No. 19). Plaintiff seeks an award of $5,375.59. (ECF No. 19). In response, Defendant does not argue that Plaintiff is not entitled to fees. (ECF No. 22). Rather, Defendant argues that the fees are unreasonable and excessive and submits that Plaintiff should be awarded no more than $2,621.31. *Id.* The issue is now ripe for review.

### II. LEGAL ANALYSIS

The EAJA is applicable to final decisions under the Act and provides, in pertinent part, as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition

1

to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C.A. § 2412(d)(1)A). Substantial justification means "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). A court may not assume that because plaintiff prevailed, defendant's position was not substantially justified. *Smith-Schaeffer v. Comm'r of Soc. Sec.,* 2013 WL 2896873, *1 (W.D. Pa. June 13, 2013). Moreover, courts have found attorney fees unjustified in matters remanded to the ALJ for determination on a relatively narrow issue. *E.g., Butterfield v. Astrue*, 2011 WL 1740121 (E.D. Pa. May 5, 2011). Overall, "[s]ubstantial justification constitutes a middle ground between an automatic award of fees to a prevailing party and an award made only when the government's position was frivolous.'" *Clark v. Astrue*, 793 F. Supp. 2d 726 (E.D. Pa. 2011). The burden of demonstrating substantial justification rests on Defendant. *Cruz v. Comm'r of Soc. Sec.*, 630 F.3d 321, 324 (3d Cir. 2010). I have reviewed the record in this Court and below, and under all of the circumstances present here, I find a fee award appropriate.[1]

Pursuant to the EAJA, the fees and expenses of attorneys must be reasonable. 28 U.S.C. §2412(b).

> Generally speaking, 'a party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable.' " *Newell v. Comm'r of Social Security,* 121 Fed. Appx. 937, 939 (3d Cir. Jan. 25, 2005) (quoting *Rode v. Dellarciprete,* 892 F.2d 1177, 1183 (3d Cir. 1990)). The EAJA requires "an itemized statement from any attorney ... representing ... the party stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). A party opposing a fee award must support its challenge with an "affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode,* 892 F.2d at 1183. A fee award may not be "decreas[ed] ... based on factors not raised at all by the adverse party." *Bell v. United Princeton Properties, Inc.,* 884 F.2d 713, 720 (3d Cir. 1989).

---

[1] As noted above, Defendant does not argue that Plaintiff is not entitled to fees but, rather that the fees are unreasonable and excessive. (ECF No. 22).

2

> However, "[o]nce the adverse party raises objections to the fee request, the district court has a great deal of discretion to adjust the fee award in light of those objections." *Rode,* 892 F.2d at 1183.

*Evans v. Astrue*, No. 12-850-LPS, 2013 WL 6869852, *1 (D. Del. Dec. 30, 2013).

### A. **Hours Reasonably Expended**

Plaintiff asserts that a total of 28.3 hours were expended by counsel in this matter. (ECF No. 20, p. 5). Defendant argues that not all of said hours expended were reasonable. (ECF No. 22). As to those issues raised by the party opposing the fee request, a "court must be careful to exclude from counsel's fee request 'hours that are excessive, redundant or otherwise unnecessary....'" *Holmes v. Millcreek Township School Dist.,* 205 F.3d 583, 595 (3d Cir. 2000), *quoting, Hensley,* 461 U.S. 424, 434 (1983). Defendant makes specific objections as to the reasonableness of the hours billed by Plaintiff's counsel. (ECF No. 17).

Plaintiff seeks 20 hours to conduct legal research and draft the brief. (ECF No. 20-1). In opposition, Defendant argues that Plaintiff's initial summary judgment brief consisted of approximately 5.5 pages on the issues that ultimately resulted in remand and Plaintiff's reply brief consisted of approximately ½ page on the issues subjected to remand. (ECF No. 22, pp. 3-4). As such, Defendant argues that the time associated with the same should be reduced to no more than 7 hours. *Id.* at 4. After a review of the case, I agree with Defendant on the general theory that 20 hours is excessive, especially since the Step 2 issues were standard legal issues that commonly arise in social security cases. However, I find that a reduction of 5 hours is appropriate. As such, I will disallow 5 hours.

As to the remaining arguments, I disagree with Defendant that such fees sought were unreasonable and/or excessive. As a result, I will not decrease the fee award further.[2]

An appropriate order shall follow.

---

[2] Defendant does not object to the hourly rate of $189.95. *See,* ECF No. 22.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| KRISTAL G. KEITH, | ) |
| Plaintiff, | ) 2:14-CV-00734-DWA |
| vs. | ) |
| CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

AMBROSE, United States Senior District Judge

## ORDER OF COURT

THEREFORE, this 9th day of July, 2015, it is ordered that Plaintiff's Motion for Attorney Fees (ECF No. 19) is granted in part and denied in part as follows: Plaintiff, Kristal G. Keith, is awarded attorney fees under the EAJA in the amount of $ 4,425.84 (23.3 x $189.95) as more fully set forth above. These fees are to be paid directly to Plaintiff and sent to the business address of Plaintiff's counsel. Full or partial remittance of the awarded attorney fees will be contingent upon a determination by the Government that Plaintiff owes no qualifying, pre-existing debt(s) to the Government. If such a debt(s) exists, the Government will reduce the awarded attorney fees in this Order to the extent necessary to satisfy such debt(s).

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge